UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-CV-60206-MIDDLEBROOKS/AUGUSTIN-BIRCH

FREDDY ANTONIO TELLEZ LOPEZ,

   Petitioner,

v.

MARCOS CHARLES, *et al.*,

   Respondents.

_____/

**REPORT AND RECOMMENDATION ON
PETITION FOR A WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Freddy Antonio Tellez Lopez's Petition for a Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 3. Respondents filed a response to the Petition, and Petitioner filed a reply. DE 5; DE 6. The Court has carefully considered the briefing and the record and is otherwise fully advised. The Court **RECOMMENDS** that the Petition [DE 1] be **GRANTED** only insofar as Respondents be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an immigration judge or release him.

**I.      Background**

This case is one of many cases around the country stemming from the Department of Homeland Security's ("DHS") recent changes to its interpretation of the Immigration and Nationality Act's ("INA") detention provisions and the Board of Immigration Appeals' ("BIA") agreement with that interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Two INA detention provisions are at issue, 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226(a). Section 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A).

Section 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). But § 1226(a) provides that an alien awaiting a decision on removal may be released on bond instead of continuing to be detained. *Id.* "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

On July 8, 2025, DHS informed Immigration and Customs Enforcement ("ICE") employees that § 1225(b)(2), rather than § 1226(a), applies to all non-citizens present in the United States who have "not been admitted . . . whether or not at a designated port of arrival." *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)). DHS has taken the position that all non-citizens present in the United States who have not been admitted or paroled are applicants for admission and are subject to mandatory detention under § 1225(b)(2), without the possibility of bond. *Id.* On September 5, 2025, BIA agreed with this interpretation, issuing a binding ruling in *Matter of Yajure Hurtado* that immigration judges lack the authority to hear bond requests or to grant bonds to non-citizens who are present in the United States without admission because those non-citizens are properly detained under § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). With this background in mind, the Court turns to the facts of this case.

Petitioner states that he is a native and citizen of Nicaragua who entered the United States without inspection in 2021, was not apprehended at the border, and has lived openly and continuously in the United States for more than four years. DE 1 ¶¶ 1, 4. He has established substantial ties to the United States, including by purchasing a home. *Id.* ¶ 4. He filed an application for asylum in 2022. *Id.* ¶ 5; *see* DE 1-3 (asylum application). On October 1, 2025, while he was attending a scheduled asylum interview, ICE arrested him and placed him into immigration detention. DE 1 ¶ 6. He currently is detained at the Broward Transitional Center in Pompano Beach, Florida and has been denied an individualized bond hearing. *Id.* ¶¶ 12–13, 17, 19, 21, 24, 26. While detained at the Broward Transitional Center, he has been sexually assaulted by a detention officer. *Id.* ¶¶ 9, 32.

## II.      Analysis

Petitioner contends that his continued detention without a bond hearing violates the INA and his right to due process under the Fifth Amendment to the United States Constitution and is arbitrary and unreasonable. *Id.* at 10–12. He also asserts that the conditions of his confinement are unlawful. *Id.* at 11. Among the relief he seeks is a writ of habeas corpus requiring Respondents to release him with or without reasonable conditions of supervision. *Id.* at 12. Respondents assert that Petitioner properly is detained without bond under 8 U.S.C. § 1225(b)(2) and that he cannot challenge the conditions of his confinement through a habeas petition.

### A. The Appropriate Statute Governing Petitioner's Detention

Respondents contend that the Petition must be denied because Petitioner properly is detained without bond under § 1225(b)(2), as opposed to § 1226(a). Respondents maintain that § 1225(b)(2) applies to all non-citizens who are present in the United States without admission.

This Court already has rejected Respondents' position, and Judge Middlebrooks has agreed. *Sanchez v. Noem*, No. 0:25-CV-62677, 2026 WL 218739, at *2–3 (S.D. Fla. Jan. 20, 2026) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 222556 (S.D. Fla. Jan. 28, 2026); *Gonzalez*, 2025 WL 4053421, at *4 (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 115211.  Likewise, many courts in this District and around the country have rejected Respondents' position.[1] *E.g., Merino*, 2025 WL 2941609, at *3 ("DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the count[r]y for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts that have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's."); *see also* DE 5 at 2–3 n.1 (string cite of cases from this District).

Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Jennings*, 583 U.S. at 297.  In contrast, § 1226(a) "applies to aliens already present in the United States." *Id.* at 303.  Petitioner was detained while he was already present in the United States, not

---

[1] The Court acknowledges that, in a split-decision, the Fifth Circuit recently reached a contrary conclusion. *See generally Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  That opinion, however, is not binding on this Court.

while he was seeking entry into the United States.  According to Petitioner, he had lived in the United States for over four years by the time he was detained.  His detention is governed under § 1226(a), not under § 1225(b)(2).  *See Merino*, 2025 WL 2941609, at \*3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within the United States, not at the border, falls under § 1226(a), not § 1225(b)(2), and is therefore subject to discretionary bond determination.").  As Petitioner's detention is governed under § 1226(a), he must receive an individualized bond hearing before an immigration judge.  *See Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

### B.  Petitioner's Challenge to Conditions of Confinement

Within the Petition, Petitioner contends that the conditions of his confinement are unsafe, are inhumane, and "effectively deprive him of basic human needs and place him at substantial risk of physical and psychological harm," violating his right to due process.  DE 1 ¶¶ 46–47.  Respondents argue that he cannot challenge the conditions of his confinement through a habeas petition.  Respondents are correct.  "Claims challenging the fact or duration of a sentence fall within the core of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law."  *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citing cases where plaintiffs challenged the conditions of their confinement by filing complaints under 42 U.S.C. § 1983).  If Petitioner wishes to challenge the conditions of his confinement, he may initiate a separate action by filing a complaint under the appropriate laws.

### III.    Recommendation

Accordingly, the Court **RECOMMENDS** that the Petition [DE 1] be **GRANTED** only insofar as Respondents be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an immigration judge or release him.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 10th day of February, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE